IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. KYKY KANYIKI,<br>    Plaintiff | )<br>)<br>) |
| v. | ) Case No.: 13-CV-291-JED-PJC<br>) |
| 1.THE SALVATION ARMY,<br>    Defendant. | )<br>) |

# COMPLAINT

COMES NOW, Plaintiff KyKy Kanyiki, by and through counsel, Katherine R. Mazaheri, OBA #21746, and for her Complaint against the Defendant, The Salvation Army, alleges the following:

## NATURE OF THE CASE

1. Plaintiff alleges a claim pursuant to 42 U.S.C. §1981 for illegal discrimination based upon race and wrongful termination.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391 (b),(c) and (d) because Defendant operates in this district and the unlawful conduct giving rise to the claims occurred in this district.

4. Plaintiff is subject to the Court's personal jurisdiction as a citizen and resident of the United States and the State of Oklahoma.

5. Defendant is registered with the Oklahoma Secretary of State as a Foreign Not-For-Profit Organization. Defendant employed Plaintiff at its location at 924 S. Hudson, Tulsa, OK 73112, within the Northern District of Oklahoma. As such, Defendant is domiciled within Oklahoma and is subject to the Court's personal jurisdiction. Defendant maintains continuous and systematic contacts with the State of Oklahoma through its expansive operations within the state.

6. Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees and costs, pursuant to relevant statutes.

## PARTIES

7. Plaintiff, KyKy Kanyiki, is an individual citizen and resident of the United States and the State of Oklahoma. At all times relevant herein, Plaintiff was a resident of the State of Oklahoma.

8. Plaintiff is a former employee of The Salvation Army.

9. Defendant Salvation Army is a Foreign Not-For-Profit Business Corporation operating throughout the United States, maintaining offices and operations throughout Oklahoma.

## GENERAL ALLEGATIONS

10. Plaintiff began employment as a Human Resources Manager with Defendant in July 2010.

11. Plaintiff is an African-American female who hails from Congo, Africa.

12. Throughout her employment, Plaintiff received positive performance reviews.

13. On July 19, 2011, Plaintiff's husband contacted both Plaintiff and her acting supervisor, Dennis Henderson, to inform them that Plaintiff's father had passed away in Africa.

14. Plaintiff and her husband spoke to Mr. Henderson to explain the length of time needed to travel to Canada to leave their children with family members before traveling to Congo, Africa for a proper burial of Plaintiff's father.

15. Plaintiff's supervisor, Mr. Dennis Henderson, informed Plaintiff and her husband to "take as much time as needed."

16. Mr. Henderson then sent a company-wide e-mail informing everyone of Plaintiff's father's unexpected death and her need for extended leave to attend to his funeral. Mr. Henderson's e-mail also stated that the tenure of leave would be unknown due to the nature of travel into the region to which Plaintiff was going.

17. Furthermore, Mr. Henderson's e-mail stated that he would temporarily be taking over her duties along with the help of Plaintiff's team.

18. Mr. Henderson told Plaintiff that it was fine that her absence would be for an unknown, extended period of time. Mr. Henderson told Plaintiff to do what she needed to do, take her time, and have a safe trip.

19. Mr. Henderson and Major Roy Williams (Plaintiff's supervisor who was on leave at the time of her absence), Plaintiff's supervisors, both knew that Plaintiff would be unable to make contact with them until her return to the United States.

20. Plaintiff and her husband left for Canada on July 20, 2011 to leave their children with family in Montreal. Plaintiff and her husband were forced to drive to Montreal due to the unavailability of a last minute flight. They arrived in Montreal on July 23, 2011.

Plaintiff and her husband then flew from Montreal to Congo on July 25, 2011, arriving in Congo on July 27, 2011. Plaintiff's father's funeral was held on August 1, 2011 and Plaintiff and her husband left Congo on August 3, 2011 and arrived in Montreal on August 5, 2011.

21. Upon her return to North America, Plaintiff suffered from a malaria attack and dysentery for over one week. On the return trip to Oklahoma, Plaintiff's car broke down in Toronto, causing further delay.

22. At this time, Plaintiff sent an e-mail to both Mr. Henderson and Mr. Williams explaining that she would be returning to work on August 22, 2011 and thanking them for their patience with her situation. Neither Mr. Henderson nor Mr. Williams responded to this e-mail.

23. Plaintiff then contacted her assistant, Ms. Blackshire to inform her of the situation. Ms. Blackshire told Plaintiff that she had been terminated on August 8, 2011 and told her to act surprised when Mr. Williams informed her. Ms. Blackshire also explained that a Caucasian female had already been found for Plaintiff's position prior to August 12, 2011.

24. This Caucasian female was hired at a higher rate of pay than Plaintiff was earning after one year of employment.

25. When Plaintiff spoke to Mr. Williams, he told her that she was terminated because no one knew where she was, despite the fact that everyone within the office clearly knew where she was due to Mr. Henderson's company-wide e-mail that was sent throughout the entire district office.

26. The proffered reason for Plaintiff's termination stands in stark contrast to the Defendant's company policies regarding vacation, sick leave, bereavement leave, job abandonment and other related policies.

27. Shortly after Plaintiff was terminated, Defendant also terminated her former assistant, also an African American female.

28. At the time of Plaintiff's termination, she was being paid at the rate of approximately $46,000.00 per year and received fringe benefits, including insurance coverage, beyond her base pay. As a result of Defendant's actions, Plaintiff has sustained loss of employment, loss of career path, loss of opportunity, loss of wages, loss of fringe benefits, and other compensation; and consequential and compensatory damages including, but not limited to, those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety. Furthermore, as a result of the loss of her job, Plaintiff lost her home, significantly injuring her credit and reducing her ability to find employment on a level comparable to her position and pay with Defendant.

29. Furthermore, as a result of the loss of her insurance coverage, Plaintiff has incurred medical expenses that otherwise would have been covered by her employer provided health insurance.

30. All adverse actions taken by the Defendant against Plaintiff were intentional, willful, malicious, and/or with reckless disregard for the legal rights of Plaintiff.

## FIRST CAUSE OF ACTION
### Violations of 42 U.S.C. §1981

31. Plaintiff incorporates paragraphs 1 through 30 herein by reference.

32. Mrs. Kanyiki is an African-American female protected from racial discrimination by 42 U.S.C. §1981.

33. Mrs. Kanyiki received disparate and hostile treatment compared to other similarly situated, non-minority employees.

34. The reason(s) given for Mrs. Kanyiki's termination are pretextual in nature.

35. The discrimination suffered by Mrs. Kanyiki altered the terms, conditions, or privileges of her employment.

36. Defendant did nothing to attempt to remedy the wrong(s) done to Mrs. Kanyiki, effectively refusing to follow company leave and termination policies.

37. Defendant's actions and omissions violated Plaintiff's rights secured by 42 U.S.C. §1981.

38. As a result of Defendant's illegal conduct, Plaintiff has suffered losses, injury, and damages, as set forth in paragraphs 28-30, above.

39. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing plaintiff under 42 U.S.C. §1981 and related statutes, including, without limitation: back pay, front pay, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief, pursuant to 42 U.S.C. §§1981, 1988, and Fed. R. Civ. P. 54:

a. Back pay for wages lost;

b. Front pay in lieu of reinstatement;

  c. Nonpecuniary and compensatory damages, including damages for humiliation, emotional distress and consequential damages;

  d. Punitive damages;

  e. Pre- and post-judgment interest at the highest rate allowed by law;

  f. Costs and reasonable attorney's fees; and

  g. All other legal or equitable relief to which Plaintiff is entitled.

## JURY DEMAND

Plaintiff requests that this matter be tried by a jury.

Respectfully submitted on this 20th day of May, 2013.

/s/Katherine R. Mazaheri
Katherine R. Mazaheri, OBA #21746
Raymond E. Tompkins, OBA #9058
MAZAHERI LAW FIRM, PLLC
3445 W. Memorial Rd., Ste. H
Oklahoma City, OK 73134
Phone: (405)414-2222
Facsimile: (405)607-4358
katherine@mazaherilawfirm.com
ray@mazaherilawfirm.com
*Attorneys for Plaintiff*